## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MID-CONTINENT CASUALTY
COMPANY,

      *Plaintiff,*

  vs.                           Case No.  09-2066-EFM

GREATER MIDWEST
BUILDERS, LTD., et al.,

      *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff brought this declaratory judgment action in response to a suit filed in Johnson County District Court, seeking a judicial determination that it had no coverage obligation for claims asserted against its insured.  This case was stayed until the state court action entered judgment against the insured.  The prevailing parties then commenced a garnishment action against our plaintiff, and another insurance company, in state court in Missouri.  The court is now asked whether it should lift the stay and proceed with this case, or decline jurisdiction in favor of resolution in the Missouri state court.  Because proceeding with this case would lead to protracted, piecemeal litigation, while deferring to the Missouri state court would decide all the claims involved in this dispute, the Court grants the motion to dismiss this case.

-1-

## I.  Factual and Procedural Background[1]

Plaintiff Mid-Continent Company ("MCC") seeks declaratory judgment that it has no duty to defend and indemnify Defendants Greater Midwest Builders, Ltd. ("GMB"), Dan Barnard, and The Village at Deer Creek Homeowners Association, Inc. ("the Association").  In 2007, the Association and numerous homeowners who are not party to this action (collectively, "the state court plaintiffs") sued GMB in state court in Johnson County, Kansas, alleging that GMB was negligent in the construction of a subdivision development.  The state court plaintiffs asserted numerous claims for damages, including negligence, breach of contract, and violation of the Kansas Consumer Protection Act.  At the time of the alleged property damage, GMB was insured by MCC and State Automobile Insurance Company ("State Auto").  Pursuant to these policies, GMB demanded legal defense and indemnification from MCC and State Auto.

In February 2009, while the Johnson County suit was pending, MCC filed this action for declaratory judgment in the District of Kansas.  MCC asserts that GMB's insurance policy provides no coverage for the claims asserted in the state court action against GMB because those claims do not arise from an "occurrence" or "accident" as defined in the policy.  Alternatively, MCC argues that coverage is excluded under one of several exclusionary provisions in the policy.  In July 2009, Defendants GMB and Barnard moved this Court to stay proceedings in MCC's declaratory judgment action until the state court action in Johnson County was concluded.  The Court granted the motion and proceedings in this case were stayed in October 2009.

---

[1]  The parties do not dispute the facts relied upon in the Court's consideration of this motion.

On February 10, 2011, the state court action in Johnson County concluded with a verdict against GMB awarding state court plaintiffs more than $7 million in damages. On February 16, 2011, the state court plaintiffs filed a petition for equitable garnishment against State Auto, MCC, and GMB in the Circuit Court of Jackson County, Missouri. On March 4, 2011, State Auto removed the Missouri state court action to the U.S. District Court for the Western District of Missouri. On March 10, 2011, MCC filed a motion in the Western District of Missouri to sever the garnishment actions against MCC and State Auto and transfer venue of the MCC case to this Court. MCC also filed in the District of Kansas the instant motion lift the October 2009 stay on its declaratory judgment action. Later that same day, the state court plaintiffs filed a Notice of Voluntary Dismissal in the Western District of Missouri.

On March 23, 2011, the state court plaintiffs filed a second garnishment action against State Auto and MCC in Jackson County, Missouri, this time naming GMB as a plaintiff rather than a defendant. On March 31, 2011, Defendant Association filed in this Court its response to MCC's Motion to Lift Stay, including in its response the instant Motion to Dismiss. The following day, April 1, 2011, State Auto removed the second garnishment action to the Western District of Missouri. On April 5, 2011, the plaintiffs in the second garnishment action (the Association, the homeowner plaintiffs, and GMB) moved the Western District of Missouri to remand the case to Jackson County Circuit Court, and MCC again moved to sever and transfer venue to this Court. The Western District of Missouri granted the plaintiffs' motion to remand, finding a lack of complete diversity between the parties.[2]

---

[2] The Western District of Missouri held that MCC and State Auto were citizens of Missouri for the purposes of the garnishment action pursuant to 28 U.S.C. § 1332. Section 1332 states in relevant part:

At present, the second garnishment action is pending against MCC in Jackson County Circuit Court, and MCC's declaratory judgment action is currently stayed in this Court. MCC asks the Court to lift the stay and enter a scheduling order on its action for declaratory relief. The Association asks the Court to decline jurisdiction over MCC's action. For the following reasons, the Court agrees with the Association and dismisses the MCC's action for declaratory judgment.

## II. Legal Standard

District courts are not obligated to exercise jurisdiction over a claim for declaratory relief. The Declaratory Judgment Act states that federal courts "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party."[3] Affirming the Act's "textual commitment to discretion,"[4] the Supreme Court has repeatedly stated that district courts are under no compulsion to exercise jurisdiction over claims for declaratory judgment.[5]

---

[I]n any direct action against the insurer of a policy or contract of liability insurance . . . such insurer shall be deemed a citizen of the State of which the insured ins a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1). The court concluded that an action under Missouri's equitable garnishment statute, Mo. Rev. Stat. § 379.200, is a "direct action" within the meaning of section 1332. Order Granting Motion to Remand at 7, *The Village at Deer Creek Homeowner's Ass'n, Inc., et al. v. State Auto. Ins. Co., et al.*, No. 11-339-NKL (W.D. Mo. July 8, 2011), ECF No. 26. Furthermore, the insured plaintiffs in the second garnishment action were residents of Kansas and Missouri. *Id.* at 3. MCC and State Auto were therefore "deemed Missouri citizens, rendering incomplete diversity among the parties." *Id.* at 7.

[3] 28 U.S.C. § 2201 (2010).

[4] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

[5] *See id.* at 288 ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."); *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (stating that the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so"); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act . . ., it was under no compulsion to exercise that jurisdiction.").

Instead, the Tenth Circuit in *State Farm Fire & Casualty Co. v. Mhoon*[6] said that a court's decision to exercise jurisdiction should be guided by the following factors: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action serves a useful purpose in clarifying the legal relations at issue; (3) whether declaratory judgment "is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to res judicata' "; (4) whether declaratory judgment would cause friction between federal and state courts; and (5) whether there is an alternative remedy that is better or more efficient.[7]

### III. Analysis

The parties in this case agree that the *Mhoon* factors are the appropriate vehicle for the court to consider whether to exercise jurisdiction over MCC's declaratory action. The parties' dispute lies in the application and weighing of the factors. After careful consideration, the Court finds that four of the five *Mhoon* factors favor dismissal of MCC's action for declaratory judgment.

**A.    Whether the declaratory action would settle the controversy or clarify the legal relations at issue.**

The first two *Mhoon* factors examine the similarity between the parties and issues in the concurrent proceedings.[8] Courts generally wish to avoid piecemeal and duplicative litigation.[9]

---

[6] 31 F.3d 979 (10th Cir. 1994).

[7] *Id.* at 983 (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

[8] *See Wingerter v. Gerber*, No. 09-0200, 2010 WL 3730899, at *3 (D. Colo. Sept. 17 2010) (citations omitted).

[9] *See Brillhart*, 316 U.S. at 495 (noting that it is "uneconomical as well as vexatious" to have parallel suits pending in federal and state courts); *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002) (stating that the district court did not abuse its discretion when it held that claims would be "better settled in a unified proceeding"); *State Farm Mut. Auto Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (noting with approval a district

For this reason, federal courts should stay or dismiss declaratory judgment actions if "a final judgment in state court will necessarily resolve all issues before [the federal] court."[10]

The Eastern District of Missouri addressed this principle in a recent case with facts similar to those presently before the Court.  In *National Casualty Co. v. Robert E. Grudmeyer, Inc.*, the plaintiff insurance company sought judgment declaring that it was not liable to the defendant under defendant's insurance policy.[11]  On the same day that the plaintiff insurance company filed for declaratory relief, the defendant filed an action in Missouri state court under Missouri's equitable garnishment statute.[12]  The Eastern District of Missouri declined jurisdiction of the declaratory judgment action because the case "concern[ed] the interpretation of coverage under an insurance contract and [was] purely a matter of state law" that would be litigated in Missouri state court as a defense to the equitable garnishment claim.[13]  The court in *National Casualty Co.* held that "when a state court is in a better position to adjudicate a state law matter, permitting a federal action to proceed would be unnecessarily duplicative and uneconomical."[14]

Like *National Casualty Co.*, MCC's action for declaratory judgment asks this Court to decide an issue also presented in the state court action for equitable garnishment—namely,

court's consideration of "the need for comprehensive disposition of litigation[] and the desirability of avoiding piecemeal litigation").

[10] *ASC Utah, Inc. v. Wolf Mountain Resorts, L.C.*, No. 09-0303-DAK, 2009 WL 2857885, at *3 (D. Utah, Aug. 27, 2009) (quoting *Scholes*, 601 F.2d at 1155).

[11] No. 10-1538-RWS, 2011 WL 768099, at *1 (E.D. Mo. Feb. 28, 2011).

[12] *Id.*

[13] *Id.* at *2.

[14] *Id.*

whether MCC must indemnify GMB under the terms of GMB's insurance policy.  The parties agree that the issue will necessarily be decided as part of the Jackson County lawsuit.[15]  Missouri's equitable garnishment statute states that "[u]pon the recovery of a final judgment . . . the judgment creditor shall be entitled to have the insurance money, *provided for in the contract of insurance* between the insurance company . . . and the defendant, applied to the satisfaction of the judgment."[16]  Because the Association and individual state court plaintiffs are entitled only to the insurance money "provided for in the contract[s] of insurance" between MCC and GMB, the Jackson County court must interpret the insurance policy to determine whether it requires MCC to indemnify GMB.  Resolution of the declaratory action in this Court, however, will not dispose of all of the claims in the state court case—Counts II–IV of the petition allege claims of bad faith failure to settle, breach of fiduciary duty, and breach of contract.[17]  Furthermore, defining the legal relationship between MCC and GMB pursuant to the policy agreement would leave the issue of State Auto's liability for the state court to determine.  Therefore, the first and second *Mhoon* factors weigh in favor of dismissal.[18]

**B.**   **Whether declaratory judgment is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata."**

MCC zealously advocates that the third Mhoon factor—whether the parties are engaging in "procedural fencing"—weighs in its favor.  MCC asserts that GMB and the Association

---

[15] *See* Doc. 38, pp. 4–5; Doc. 41, p. 8 (noting that the coverage issues raised in the federal declaratory judgment action are also present in the Jackson County garnishment action).

[16] Mo. Rev. Stat. § 379.200 (2010) (emphasis added).

[17] Doc. 38, Ex. B, pp. 8–14.

[18] *See Royal Neighbors of America v. Thiesen*, No. 10-1274-CM, 2010 WL 5441644, at *1 (D. Kan. Dec. 27, 2010) ("[W]hile a declaration would settle the controversy presently before this court . . . , it would not settle the entire controversy between the parties . . . .").

attempted to circumvent a decision from this Court on MCC's liability.  MCC points to three procedural events as evidence of improper legal maneuvering.  First, MCC notes that GMB and the Association failed to notify this Court that the original Johnson County action had reached a resolution.  Second, MCC argues that it was inappropriate for the state court plaintiffs to file suit in Jackson County while MCC's declaratory judgment action was pending in this Court.  Third, MCC contends that the state court plaintiffs' voluntary dismissal and re-filing of the garnishment action is evidence that plaintiffs did not want this court to decide MCC's liability.  The Court disagrees.

In *St. Paul Fire and Marine Insurance Co. v. Runyon*, the Tenth Circuit held that procedural fencing may tip the scales against a party seeking declaratory judgment.[19]  In that case, the plaintiff waited three years before knowingly filing suit seeking declaratory relief on the day before the defendant promised to file an action in state court.[20]  The Tenth Circuit upheld the district court's finding of procedural fencing because plaintiff in *Runyon* could not rebut the defendant's allegations of impropriety.[21]

Unlike *Runyon*, the Association has provided adequate explanations for the procedural history of this case.  The Association notes that MCC and its codefendant in state court, State Auto, provided for GMB's defense counsel in the state lawsuit and were thus aware that the Johnson County trial had concluded.  The state court plaintiffs had no obligation to wait until the

---

[19] 53 F.3d 1167, 1170 (10th Cir. 1995).  In this case, the party seeking declaratory judgment has levied charges of procedural fencing against the party seeking relief in state court.  Although accusations of procedural fencing usually involve questionable actions on the part of the party filing the declaratory judgment action, *see id.*, the analysis does not change when the examining the motives of state court plaintiffs.

[20] *Id.*

[21] *Id.*

Court resolved MCC's declaratory judgment action before filing the equitable garnishment action. The state court plaintiffs filed claims against both MCC and State Auto for breach of duty as well as equitable garnishment. The Missouri state court action, therefore, follows from the Kansas state court action and proposes to resolve the outstanding claims among all remaining parties. Furthermore, the first-to-file rule—which promotes comity and requires courts "to exercise care to avoid interference with each other's affairs"[22]—applies only to actions pending in federal courts of coordinate jurisdiction and equal rank and is thus not implicated here.[23] Moreover, the Association's filings in the Western District of Missouri are not indicative of procedural fencing. Rather, the state court plaintiffs voluntarily dismissed and re-filed their claim because GMB was improperly included as a defendant in the garnishment action. The Court gleans no nefarious intent from the reconfiguration of the parties. The Association's actions in this suit are not motivated by a desire to game the adjudicative process. Therefore, the Court finds that the third *Mhoon* factor is neutral as to the exercise of jurisdiction over MCC's declaratory judgment action.

**C.     Whether declaratory judgment would cause friction between federal and state courts.**

The fourth *Mhoon* factor directs the Court to consider whether exercising jurisdiction over a federal declaratory judgment action would cause unnecessary entanglement and friction between the state and federal courts. In *United States v. City of Las Cruces*, the Tenth Circuit

---

[22] *Sutter Corp. v. P & P Industries, Inc.*, 125 F.3d 914, 917 (5th Cir. 1997), *accord P & P Industries, Inc. v. Sutter Corp.*, 179 F.3d 861, 870 n.6 (10th Cir. 1999).

[23] *See Lipari v. U.S. Bancorp NA*, 345 Fed. App'x 315, 317 (10th Cir. 2009) (noting that the first-to-file rule "pertains when two *district courts* have jurisdiction over the same controversy" (emphasis added)); *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. Sys. of Ga.*, No. 98-4098, 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999) (stating that the "first-to-file" rule applies to "courts of coordinate jurisdiction and equal rank").

upheld a district court's declination of jurisdiction in part because state courts are the traditional arbiters of water rights disputes.[24]  Similarly, the contract interpretation is a matter of state law.[25] The parties' disagreement in this case as to whether Kansas or Missouri law controls the interpretation of the underlying insurance policy is irrelevant to the issue of this Court's jurisdiction.  Regardless of the law to be applied, both this Court and the Missouri state bench are undoubtedly capable of ascertaining and applying the appropriate choice of law.  Moreover, in the event Missouri contract law does control the meaning of the policy, Missouri state courts are uniquely suited to that task.

Furthermore, exercising jurisdiction over MCC's declaratory judgment action "carries the danger of grave interference with the state proceedings."[26]  The Missouri action includes plaintiffs not named in the federal suit as well as a second insurer.  For this Court to decide the liability of one party to certain plaintiffs in the state case invites piecemeal litigation of the issues.  Moreover, the Jackson County court would be forced to apply this Court's interpretation of GMB's insurance policy when adjudicating the numerous claims asserted in the Missouri state court action.[27]  The Court therefore concludes that the fourth *Mhoon* favor weighs against exercising jurisdiction over MCC's declaratory judgment action because the Missouri state courts are equally adept at handling choice-of-law issues and should not be bound by a decision on these facts from this Court.

---

[24] 289 F.3d at 1190.

[25] *See Union Ins. Co. v. Medoza*, 405 Fed. App'x 270, 274 (10th Cir. 2010).

[26] *Las Cruces*, 289 F.3d at 1190–91.

[27] *See, e.g.*, *Federal Ins. Co. v. Sprint Corp.*, 293 F.Supp.2d 1245, 1248 (D. Kan. 2003) (stating that exercise of federal jurisdiction in a declaratory judgment action "could create friction between the state and federal courts because both courts would be deciding the same issues on the same facts").

**D.      Whether there is an alternative remedy that is better or more efficient.**

Finally, the Court must consider whether a remedy other than declaratory relief is better in this case.[28]  From the Court's discussion of the other *Mhoon* factors, it should be clear that the pending action in Jackson County will provide more complete relief to all parties involved in this dispute.  The issue of MCC's liability to GMB will necessarily be decided as part of the relief requested by the state court plaintiffs.  Moreover, resolution of this liability issue in state court will be binding on all of the interested parties.  Therefore, the Court concludes that the final *Mhoon* factors weighs against exercise of the Court's jurisdiction.

Weighing the *Mhoon* factors as a whole, four of the five factors discourage the Court from exercising jurisdiction over MCC's declaratory judgment action.  The declaratory relief MCC seeks will not settle the controversy or clarify the legal relations between the parties because the Missouri state suit involves claims and parties not present in federal court.  Resolution of the liability issue present in the declaratory judgment action would simply cause friction between the federal and state courts.  Because MCC's liability to GMB will necessarily be decided in the action pending in Jackson County, Missouri, dismissal of MCC's declaratory judgment action is the proper remedy here.[29]

**IT IS ACCORDINGLY ORDERED** this 16th day of November, 2011 that Plaintiff Mid-Continent Casualty Company's Motion to Lift Stay and to Enter Scheduling Order (Doc. 35) is **DENIED**.

---

[28] *See Mhoon*, 31 F.3d at 983.

[29] *See Las Cruces*, 289 F.3d at 1192–93 (reversing a district court order that dismissed a declaratory judgment action because the district court failed to explicitly consider staying the federal proceedings instead of dismissing them).

**IT IS FURTHER ORDERED** that Defendant The Village at Deer Creek Homeowners

Association's Motion to Dismiss (Doc. 49) is hereby **GRANTED**.

**IT IS SO ORDERED**.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE